NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MONICA KARINA PAZ-TEJEDA, AKA Monica K. Salamanca, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No.   19-71219 <br><br> Agency No. A087-152-380 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 4, 2020[**]

Before:    FERNANDEZ, SILVERMAN, and TALLMAN, Circuit Judges.

Monica Karina Paz-Tejeda, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal

from an immigration judge's ("IJ") decision denying her application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law and constitutional claims. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We review for substantial evidence the agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We dismiss in part and deny in part the petition for review.

In the opening brief, Paz-Tejeda does not challenge the agency's determination that she is ineligible for asylum because she was convicted of an aggravated felony. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-1080 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived). Thus, we deny the petition for review as to asylum.

Because Paz-Tejeda was found removable due to her conviction for an aggravated felony, our jurisdiction to review the agency's particularly serious crime determination is limited to constitutional claims and questions of law. *See* 8 U.S.C. § 1252(a)(2)(C)-(D); *Pechenkov v. Holder*, 705 F.3d 444, 448-49 (9th Cir. 2012). We therefore lack jurisdiction to review Paz-Tejeda's challenge to the agency's discretionary determination that her conviction constitutes a particularly serious crime that statutorily bars her from withholding of removal. *See Pechenkov*, 705 F.3d at 448-49 (no jurisdiction over particularly serious crime determination where the only challenge is that the agency "incorrectly assessed the facts"). To the extent Paz-Tejeda contends the IJ applied an incorrect legal

19-71219

standard, we lack jurisdiction to consider the issue because she failed to raise it to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency). Thus, Paz-Tejeda's withholding of removal claim fails.

Substantial evidence supports the agency's denial of deferral of removal under CAT because Paz-Tejeda failed to show it is more likely than not she will be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009); *see also Garcia-Milian*, 755 F.3d at 1033-35 (concluding that petitioner did not establish the necessary "state action" for CAT relief).

Paz-Tejeda's motion for a stay of removal (Docket Entry No. 1) is denied as moot.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**